NO. 07-01-0060-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 15, 2001

_____


MARK ANTHONY SAWYER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 35,991-D; HONORABLE DON EMERSON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In this proceeding, appellant Mark Anthony Sawyer seeks to appeal an adjudication of guilt for the offense of aggravated assault after the trial court found he violated the terms of his community supervision.  Finding no merit to this appeal, we affirm.

Appellant's original plea of guilty was made on May 3, 1996. The court deferred adjudication of appellant's guilt conditioned on four years community supervision under conditions set out by the court. The State filed motions to adjudicate appellant's guilt on September 24, 1996, November 26, 1997, November 16, 1998, and October 11, 2000. On each occasion, appellant plead true to one or more of the State's allegations. After the first three hearings, the trial court continued appellant's community supervision, modifying the applicable conditions.

At the January 19, 2001 hearing on the State's fourth motion, the trial court granted the motion, adjudicated appellant guilty and sentenced him to five years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant's retained counsel filed a notice of appeal on January 31, 2001.

On June 4, 2001, appellant's counsel filed a brief in which he has certified that, in compliance with *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969), he has diligently reviewed the record and determined that, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Thus, he concludes, the appeal is without merit and is frivolous. In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has analyzed the record, made references to the record, and candidly discussed why, under the controlling authorities, there is no error in the court's judgment.

Counsel has certified that he has served a copy of the brief on appellant and informed him that, in counsel's view, the appeal is without merit. He has also attached a copy of a letter by which he notified appellant of his right to review the record and to file a pro se brief if he wishes to do so. *See Johnson v. State*, 885 S.W.2d 641, 646 (Tex.App.--Waco 1994, writ ref'd). Appellant has not filed a pro se brief, but on June 25 wrote to this court expressing an interest in withdrawing his appeal and having counsel appointed if necessary. By letter dated June 29 from the court clerk, we informed appellant of his right to file a motion to dismiss the appeal, and that if he chose not to dismiss the appeal, we would conduct an independent examination of the record for arguable points of error and remand for appointment of counsel if necessary. *Id.* at 647. On August 14, 2001, appellant again wrote to the court expressing a desire to dismiss his appeal, but no motion to dismiss was tendered for filing.

We initially note that the record indicates appellant's counsel was retained. When retained counsel concludes that an appeal lacks merit, they are obligated to inform the client of this conclusion and refuse to prosecute the appeal. *Id.* at 645. However, the decision to withdraw from retained representation does not invoke federal constitutional concerns. The procedural safeguards outlined in the *Anders* cases apply only to an appointed attorney representing an indigent defendant on a first appeal by right. *Id.* Nevertheless, we have also made our own careful examination of the record to determine if there are arguable grounds which might support the appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds and agree with

3

counsel that the appeal is without merit and is, therefore, frivolous. *Johnson*, 885 S.W.2d at 647. Accordingly, the judgment of the trial court is affirmed. We also grant counsel's motion to withdraw.


John T. Boyd
Chief Justice

Do not publish.